IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TOWER INSURANCE COMPANY OF NEW YORK | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:11-CV-354-Y |
| EDWARDS ZUBIZARRETA PARTNERSHIP, et al. | § § | |

ORDER GRANTING MOTION TO DISMISS

Before the Court is the Motion to Dismiss (doc 13) filed by defendants (1) Edwards Zubizarreta Partnership ("EZP"); (2) Emilio Zubizarreta, individually and doing business as ("d/b/a") EZP; (3) Ursula Zubizarreta, individually and d/b/a EZP; and (4) Alvin Edwards, individually and d/b/a EZP. After review, the Court will grant the motion.

I.  Background

This case arises out of an insurance dispute between plaintiff Tower Insurance Company of New York ("Tower")--the insurer--and defendant EZP--the insured.  In July 2010, EZP filed a claim under its commercial-property insurance policy ("the Policy") for hail damage purportedly sustained at its business premises during a storm in May 2009.[1]  Tower inspected the premises and denied the

---

[1] Tower indicates in its response (doc. 19) that EZP's claim reported damages to four properties.  Elsewhere in the parties' briefing, however, they describe their dispute as involving "the property" and do not identify which of the four properties is at the center of the instant controversy. (Defs.' Mot. 2.; Pl.'s Resp. 2.)  Nevertheless, it suffices to note that there was a denial

claim.

In response to the denial, EZP sent Tower a demand letter asserting that Tower's denial violated the Texas Deceptive Trade Practices Act ("DTPA") and certain provisions of the Texas Insurance Code ("TIC"). Upon receipt of the letter, Tower requested an opportunity to reinspect the premises. After conducting its reinspection, Tower asked EZP for sixty additional days to continue its inspection and finalize its findings. EZP declined.

Therefore, on May 25, 2011, Tower filed the instant lawsuit under the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-2202, seeking a declaration that EZP's alleged damages are excluded under the Policy.[2] The following day, EZP filed a suit in the 48th Judicial District Court, Tarrant County, Texas, which is still pending ("the state-court suit"). The state-court suit asserts claims against Tower and two of its adjusters for breach of contract, breach of the duty of good faith and fair dealing, and violations of the DTPA and the TIC, in connection with Tower's denial of EZP's claim under the Policy. The state-court suit also asserts similar claims against Travelers Lloyds Insurance Company

---

of coverage to at least one of EZP's business properties.

[2] On June 17, 2011, Tower amended its complaint (doc. 11) to add as a defendant Mary Edwards, individually and d/b/a EZP. The Court notes that the amended complaint does not moot the instant motion, even though the motion was filed when Tower's original complaint was the live pleading.

("Travelers") and one of its adjusters, in connection with Travelers' denial of a different claim involving other properties that EZP owns. Now, by the instant motion, EZP seeks dismissal of this case in favor of the state-court suit.

II. Applicable Law

The DJA "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241 (1952)). It "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 286. Thus, when evaluating a suit under the DJA, a district court must inquire (1) whether the suit is justiciable; (2) if so, whether the court has authority to grant declaratory relief on the facts presented; and (3) if it does, whether the court should exercise its discretion to hear the case. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

In the instant case, the parties agree that this suit is justiciable and that the Court has the authority to grant declaratory relief. The sole question before the Court, then, is whether it should exercise its discretion under the DJA to hear the case or, instead, dismiss the case in favor of the state-court suit. *See id.* Because Tower seeks only declaratory relief, as

opposed to coercive relief, the standard that governs this question is the one set out in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491 (1942). *See New Eng. Ins. Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009). Under *Brillhart*, the Court's discretion is "broad." *Id.* The central question is "whether the questions in controversy between the parties to the federal suit can be better settled in the proceeding pending in the state court." *Sherman-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 389 (5th Cir. 2003) (quoting *Brillhart*, 316 U.S. at 494) (internal quotation marks omitted).

In the Fifth Circuit, a district court's exercise of *Brillhart* discretion is guided by the nonexclusive list of factors set out in *St. Paul Insurance Company v. Trejo*, 39 F.3d 585 (5th Cir. 1994):

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same

>     parties and entered by the court before [which] the
>     parallel state suit between the same parties is
>     pending.

*Sherwin-Williams*, 343 F.3d at 388 (quoting *Trejo*, 39 F.3d at 590-91).

A district court must not apply these factors mechanically based on their labels. *See id.* at 392. Rather, a district court is to apply the *Trejo* factors in light of three overarching principles derived from *Brillhart*. *See Sherman-Williams*, 343 F.3d at 390-91, 401. The first principle "is the proper allocation of decision-making between state and federal courts"; the second is "fairness"; and the third is "efficiency." *Id.* at 390-91; *see also Evanston Ins. Co. v. Tonmar, L.P.*, 669 F. Supp. 2d 725, 732 (N.D. Tex. 2009) (Fitzwater, J.) (observing that the "three key aspects" of *Brillhart* analysis are "fairness, federalism, and efficiency" (citing *Sherwin-Williams*, 343 F.3d at 390-92)).

III. Analysis: Application of the *Trejo* Factors

    A. First Factor: Pending State Suit

"[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams*, 343 F.3d at 390-91 (footnote omitted). The instant case involves solely state-law issues, and

the state-court suit encompasses them. That is, the state-court suit will resolve all of the issues that Tower raises in the instant case. Thus, the first *Trejo* factor--"whether there is a pending state action in which all of the matters in controversy may be fully litigated"--weighs in favor of dismissal. *Id.* at 388 (quoting *Trejo*, 39 F.3d at 590-91).[3]

B.  Second, Third, and Fourth Factors: Fairness

"Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Id.* at 391. Thus, although Tower filed the instant case in anticipation of EZP's filing the state-court suit, there is no evidence that Tower has engaged in improper forum shopping. At the same time, however, because the state-court suit encompasses all of the issues raised in this case, there is nothing unfair about dismissing the instant case in favor of that suit, particularly given that there are no federal issues at stake. Therefore, the *Trejo* fairness factors weigh neither for nor against dismissal.

---

[3] Tower contends that EZP's state-law claims must be brought in the instant action as compulsory counterclaims and that, therefore, the instant case will resolve all of the claims asserted in the state-court suit. But the state-court suit is broader than the instant case, as it involves claims against Travelers and certain adjusters. And while Tower explains that it has filed a motion for severance in the state-court suit, Tower has not notified the Court of any ruling by the state court on that motion. Moreover, because there are only state-law issues involved here, the state court is the better forum.

C.  Fifth and Sixth Factors: Efficiency

"A federal district court should avoid duplicative or piecemeal litigation where possible. . . . Duplicative litigation may . . . raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues."  *Id.*  As previously observed, there are no issues before this Court that are outside the scope of the state-court suit.  Inevitably, then, there is a risk that this Court will reach a different position than that of the state court on whether Tower's denial of EZP's claim was unlawful.  Given that the state-court suit is broader than the instant one--as it involves claims against Travelers and certain adjusters--and considering that only state-law issues are involved, the Court concludes that considerations of efficiency and judicial economy weigh in favor of dismissal.[4]

IV. Conclusion

Therefore, after consideration of the *Trejo* factors in light of the *Brillhart* principles of federalism, fairness, and efficiency, the Court concludes that it should exercise its discretion to dismiss this case in favor of the state-court suit.

---

[4] The Court notes, however, that it provides just as convenient a forum as the state court; thus, the fifth factor does not weigh in favor of dismissal. *Sherwin-Williams*, 343 F.3d at 388.  Likewise, the seventh factor does not weigh in favor of dismissal.  *Id.*  The Court is not being called upon to construe a decree previously entered by the state court.  *Id.*

Accordingly, the defendants' motion to dismiss is GRANTED, and all claims in the above-styled and -numbered cause are DISMISSED WITHOUT PREJUDICE.

SIGNED November 10, 2011.

                                                        TERRY R. MEANS
                                                        UNITED STATES DISTRICT JUDGE